# Exhibit A

Affidavit of Good Cause

*United States v. Benjamin Filiberto Paz* (D. Md.)
COMPLAINT TO REVOKE NATURALIZATION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| BALTIMORE, MARYLAND ) | **AFFIDAVIT OF GOOD CAUSE** |
| ) | |
| In the Matter of the Revocation of the ) | |
| Naturalization of ) | |
| ) | |
| BENJAMIN FILIBERTO PAZ ) | |
| A▇▇▇ 112 ) | |

I, Mary E. Horn, declare under penalty of perjury as follows:

I.  I am a Special Agent with Homeland Security Investigations ("HSI"), U.S. Immigration and Customs Enforcement, assigned to the HSI Baltimore office, and have been so assigned for the last 23 years. In this capacity, I have access to the official records DHS maintains, including the immigration file of Benjamin Filiberto Paz, A▇▇▇ 112 ("Paz").

II. I have examined the records relating to Paz. Based upon my review of these records, I state, on information and belief, that the information set forth in this Affidavit of Good Cause is true and correct.

III. Paz was born in Mexico in 1963. According to his Form I-485, Application to Register Permanent Resident or Adjust Status, submitted in December 2001, Paz entered the United States without inspection at San Diego, California, on November 22, 1994. After filing his adjustment application in December 2001, Paz became a lawful permanent resident of the United States as the spouse of a skilled worker on or about November 12, 2003.

IV. On May 30, 2014, Paz filed an Application for Naturalization, Form N-400, with United States Citizenship and Immigration Services ("USCIS"). On January 24, 2015, a USCIS Officer interviewed Paz under oath to determine his eligibility for

Affidavit of Good Cause - Paz, A▇▇▇ 112

1

naturalization. After the interview, the USCIS officer approved Paz's application the same day based upon the information contained in his N-400, the evidence Paz provided in support thereof, and the testimony Paz gave during his naturalization interview. Also on January 24, 2015, Paz took the oath of allegiance and was admitted as a citizen of the United States. He was issued Certificate of Naturalization number 36996524.

V. Paz committed the crimes of sexual abuse and burglary in 2004 and pleaded guilty to them in 2017.

   A. On or about February 22, 2004, at approximately 4:30 a.m., Paz entered the residence of ███████████, NW, in Washington D.C., where he did not reside and did not have permission to enter.

   B. Also on or about February 22, 2004, Paz, a stranger to the person occupying ███████████, NW, in Washington D.C., committed sexual acts by force on the occupant through use of physical strength or violence sufficient to overcome, restrain, or injure the occupant. Paz eventually fled from the residence.

   C. After Paz's above-referenced sexual acts, the occupant obtained police and medical assistance, providing a DNA swab to assist with identifying the perpetrator.

   D. Testing of the DNA swab revealed an unknown male DNA profile that was uploaded to the Combined DNA Index System with no resulting hits.

   E. In 2017, Paz was developed as a suspect in the above-described offenses.

   F. On February 15, 2017, pursuant to a search warrant authorizing the collection of buccal swabs from Paz, a DNA sample was collected from Paz.

Affidavit of Good Cause - Paz, A████████ 112

2

G.    During testing of Paz's DNA sample, his DNA profile was developed and compared to the unknown male DNA profile developed from the above-referenced 2004 offense.

H.    The results of this comparison revealed that the DNA profile of Paz matched the DNA profile of the unknown male on the swabs obtained and tested as described above.

I.    Paz's conviction record establishes that, on December 11, 2017, pursuant to a criminal information based on his 2004 above-described conduct, Paz pled guilty to First Degree Burglary, in violation of D.C. Code § 22-801(a), and one count of First Degree Sexual Abuse, in violation of D.C. Code § 3002(a)(2).

VI.    Paz illegally procured his naturalization because he could not have established that he was a person of good moral character.

    A.    Paz could not have established that he was a person of good moral character during the requisite statutory period because he committed unlawful acts that adversely reflect upon his moral character.

        1.    As an applicant for naturalization pursuant to 8 U.S.C. § 1427(a), Paz was required to prove that he was a person of good moral character from on or about May 30, 2009, five years before he filed his application, up to the time he was admitted to United States citizenship on January 24, 2015 (the "statutory period").

        2.    Unless there are extenuating circumstances, an applicant for naturalization is precluded from establishing good moral character if, during the

        statutory period, he commits unlawful acts that adversely reflect upon his moral character.  *See* 8 U.S.C. 1101(f); 8 C.F.R. § 316.10(b)(3)(iii).

3. During the statutory period, Paz committed two instances of providing false statements in a government matter in violation of 18 U.S.C. § 1001(a) when he signed and then filed his Form N-400 and again when he signed his application at the conclusion of his naturalization interview.  Paz committed his unlawful acts of false statements in a government matter in his Form N-400 and at his interview, and these include the following: responding in the negative to Part 10, Question 15, thereby failing to disclose the above-referenced crimes that he committed in 2004 but for which he had not been arrested at the time of his naturalization proceedings in 2014 and 2015; and responding in the negative to Part 10, Question 23, thereby failing to disclose his provision of false information to a U.S. government official when he filed his Form N-400 and interviewed in support of the benefit of naturalization.

4. During the statutory period, Paz also committed two instances of immigration fraud in violation of 18 U.S.C. § 1546(a) when he signed and then filed his Form N-400 and again when he signed his application at the conclusion of his naturalization interview.  Paz's unlawful acts of immigration fraud resulted from Paz's responses in his Form N-400 and at his interview to the same questions outlined in the immediately preceding paragraph.

4

Affidavit of Good Cause -  Paz, A        112

      5. The same two questions in Paz's naturalization proceedings referenced in the immediately preceding two paragraphs that establish violations of 8 U.S.C. §§ 1001(a) and 1546(a) also show that, during the statutory period, Paz committed two instances of perjury in violation of 18 U.S.C. § 1621 when he signed and then filed his Form N-400 and again when he signed his application at the conclusion of his naturalization interview.

      6. Because Paz committed unlawful acts within the statutory period, he was precluded from establishing good moral character. Consequently, he illegally procured his naturalization.

B. Paz could not have established that he was a person of good moral character during the statutory period because he provided false testimony for the purpose of naturalizing.

      1. Under 8 U.S.C. § 1101(f)(6), an applicant for naturalization is statutorily precluded from establishing good moral character if he has given false oral testimony under oath for the purpose of obtaining any immigration benefits during the statutory period.

      2. On January 24, 2015, a USCIS officer interviewed Paz regarding his Form N-400.

      3. At the beginning of the naturalization interview, Paz took an oath or affirmed that he would answer all questions truthfully.

      4. During the naturalization interview, in order to adjudge Paz's eligibility for naturalization, the USCIS officer asked Paz, among other questions, if he had ever committed a crime or offense for which he was not arrested.

5.  In response to this question, Paz falsely testified under oath that he had never committed a crime or offense for which he was not arrested.

6.  As outlined above, subsequent to naturalization, on December 11, 2017, Paz pleaded guilty to sexual abuse and burglary. In his written plea agreement, as a factual basis supporting his plea of guilty, Paz admitted the above-outlined facts establishing his guilt for these crimes, including the fact that he committed these crimes in 2004, which is prior to Paz's naturalization proceedings in 2014-15.

7.  Also during the naturalization interview, in order to adjudge Paz's eligibility for naturalization, the USCIS officer asked Paz, among other questions, if he had ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal.

8.  In response to this question, Paz falsely testified under oath that he had never given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal.

9.  As outlined above, regarding his commission of crimes for which he had not been arrested, Paz had given false information by falsely representing to a U.S. government official, in his Form N-400 and again at his naturalization interview, that he had never committed a crime or offense for which he was not arrested, yet Paz had committed but not been

    arrested for the crimes of sexual abuse and burglary prior to his naturalization proceedings.

  10. Because Paz provided false testimony during the statutory period for the purpose of obtaining naturalization, he was precluded from establishing good moral character. Consequently, he illegally procured his naturalization.

VII. Paz procured his naturalization by willful misrepresentation and concealment of a material facts.

  A. During the naturalization process, Paz willfully misrepresented and concealed both the crimes for which he was not arrested and his provision of false information for an immigration benefit.

    1. A naturalized citizen is subject to revocation of naturalization if he procured naturalization by willfully misrepresenting or concealing material facts. 8 U.S.C. § 1451(a).

    2. Paz signed his Form N-400 on April 30, 2014, thereby certifying, under penalty of perjury, that the information in his Form N-400 was true and correct. He filed his Form N-400 with USCIS on or about May 30, 2014.

    3. On January 24, 2015, Paz again signed his Form N-400, swearing that the contents were true and correct.

    4. In his Form N-400, and again during his naturalization interview, Paz misrepresented that he had never committed a crime or offense for which he was not arrested and that he had never given false or misleading

information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal.

    B.    Paz made misrepresentations knowing his representations were false and misleading, and his misrepresentations therefore were willful.

    C.    Paz's concealment of his crimes and concealment of his provision of false information in naturalization proceedings were both material to determining his eligibility for naturalization because his disclosure of such concealments would have had the natural tendency to influence the USCIS decision whether to approve his Form N-400.

    D.    By concealing and misrepresenting material facts regarding his criminal history and his provision of false information, Paz was able to procure his naturalization.

VIII.    Based on the facts outlined in the foregoing paragraphs, good cause exists to institute proceedings pursuant to 8 U.S.C. § 1451(a) to revoke Paz's citizenship and to cancel his Certificate of Naturalization.

IX.    Paz's last known residence prior to his incarceration is ▮▮▮▮▮▮▮▮, Montgomery Village, Maryland.

DECLARATION IN LIEU OF JURAT
(28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___December 22___, 20_22_.

*Mary E Horn*
_____
Mary E. Horn, Special Agent
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

8

Affidavit of Good Cause - Paz, A ▮▮▮▮▮▮ 112