**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**,

   Plaintiff,

v.

**BENJAMIN FILIBERTO PAZ,**

   Defendant.

Case No. 8:23-CV-02801-DLB

**ANSWER TO COMPLAINT
TO REVOKE NATURALIZATION**

COMES NOW Defendant Benjamin Filiberto Paz ("Defendant"), in accordance with FED. R. CIV. P. 8 and by and through undersigned counsel, and respectfully files this Answer to the Complaint to Revoke Naturalization (Dkt. No. 1) ("Complaint") lodged by Plaintiff United States of America ("Plaintiff"), and responds in like-numbered Paragraphs as follows:

**I. PRELIMINARY STATEMENT OF THE CASE**

The entirety of the "Preliminary Statement of the Case" at pp. 1-2 of the Complaint constitutes Plaintiff's characterization of this action and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

**II. JURISDICTION AND VENUE**

1. Admitted.

2. Admitted.

3. Admitted.

### III. PARTIES

4. Admitted.

5. Admitted.

### IV. FACTUAL BACKGROUND

6. Admit only that the Affidavit of Mary Horn, Special Agent with U.S. Immigration and Customs Enforcement ("ICE") of the U.S. Department of Homeland Security ("DHS") is attached to the Complaint as Exhibit A. Any and all other allegations in Paragraph 6 are denied.

### IMMIGRATION HISTORY

7. Admitted.

8. Admitted.

9. Admit only that Defendant indicated that he entered the United States without inspection. Any and all other allegations in Paragraph 9 are denied.

10. Admitted.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12. Admitted.

### NATURALIZATION PROCEEDINGS

#### Naturalization Application

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

## Naturalization Interview

17. Admitted.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22. Admit only there are nine (9) notations in red ink on Defendant's naturalization application attached to the Complaint as Exhibit C. Any and all other allegations in Paragraph 22 are denied.

23. Admitted.

24. Admit only that USCIS approved Defendant's naturalization application. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies the same.

## Oath of Allegiance

25. Admit only that Defendant was administered the oath of allegiance, admitted to U.S. citizenship, and issued Certificate of Naturalization No. 36996524. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25, and therefore denies the same.

# DEFENDANT'S CRIMES AND RESULTING FALSE STATEMENTS AND TESTIMONY

## Defendant's Sexual Abuse and Burglary

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

## Defendant's Arrest and Plea of Guilty to Sexual Abuse and Burglary

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

## Defendant's False Statements and Testimony

34. Admit only that in completing his naturalization application, Defendant's response to Part 10, Question 15, was false. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same.

35. Admitted.

36. Admit only that in completing his naturalization application, Defendant's response to Part 10, Question 23, was false. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies the same.

37. Admit only that in completing his naturalization application, Defendant gave false or misleading information to a U.S. Government official while applying for naturalization at the

time he filed his naturalization application through the responses he provided to Part 10, Question 15 of his naturalization application. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the same.

## V. GOVERNING LAW

### CONGRESSSIONALLY IMPOSED PREREQUISITES
### TO THE ACQUISITION OF CITIZENSHIP

38. The allegations in Paragraph 38 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

39. The allegations in Paragraph 39 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

40. The allegations in Paragraph 40 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

41. The allegations in Paragraph 41 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

42. The allegations in Paragraph 42 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

43. The allegations in Paragraph 43 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

44. The allegations in Paragraph 44 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

## THE NATURALIZATION REVOCATION STATUTE

45. The allegations in Paragraph 45 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

46. The allegations in Paragraph 46 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

47. The allegations in Paragraph 47 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

48. The allegations in Paragraph 48 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

49. The allegations in Paragraph 49 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

# VI. CAUSES OF ACTION

## COUNT ONE

### ILLEGAL PROCUREMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (Unlawful Acts)

50. Defendant repeats and incorporates by reference his responses to Sections II through V of the Complaint.

51. Admitted.

52. Denied.

53. The allegations in Paragraph 53 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

54. Denied.

55. The allegations in Paragraph 55 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

56. Denied.

57. The allegations in Paragraph 57 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

58. Denied.

59. The allegations in Paragraph 59 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT TWO

### ILLEGAL PROCUREMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (False Testimony)

64. Defendant repeats and incorporates by reference his responses to Sections II through V of the Complaint.

65. The allegations in Paragraph 65 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT THREE

### PROCUREMENT OF U.S. CITIZENSHIP BY CONCEALMENT
### OF A MATERIAL FACT OR BY WILLFUL MISREPRESENTATION

72. Defendant repeats and incorporates by reference his responses to Sections II through V of the Complaint.

73. The allegations in Paragraph 73 constitute recitations and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

* * *

The remainder of the Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Plaintiff's prayer for relief and further avers that Plaintiff is not entitled to any relief in this action. Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

In accordance with FED. R. CIV. P. 8(c)(1), having answered the Complaint, Defendant asserts the following Affirmative Defenses: (a) failure to state a cause of action upon which relief can be granted, as Plaintiff failed to sufficiently plead a basis upon which relief can be granted, failed to allege with specificity any factual allegations to establish the requisite elements, and/or failed to set forth ultimate facts to show that Plaintiff is entitled to relief; (b) duress; (c) estoppel; and (d) laches. The facts having not been fully developed, Defendant reserves the right to assert additional defenses that become available or apparent during

discovery or otherwise during the pendency of this action and reserve the right to amend his Answer and assert such additional defenses.

* * *

WHEREFORE, Defendant Benjamin Filiberto Paz answers Plaintiff's Complaint and respectfully requests that this Court enter judgment in his favor along with any other relief this Court deems just and proper.

Dated: February 28, 2024

Respectfully submitted,

*/s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
DEMPSEY LAW, PLLC
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tele: (904) 760-6272
Fax: (904) 587-0372
Email: chris@cdempseylaw.com
Web: www.cdempseylaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2024, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
*Counsel for Defendant*