**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**BENJAMIN FILIBERTO PAZ,**

    Defendant.

Case No. 8:23-CV-02801-DLB

**RESPONSE IN OPPOSITION TO
MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant Benjamin Filiberto Paz ("Defendant"), in accordance with FED. R. CIV. P. 12(c) and Local Rule 105, by and through undersigned counsel, and respectfully files this Response in Opposition to the Motion for Judgment on the Pleadings (Dkt. No. 14) ("Rule 12(c) Motion") filed by Plaintiff United States of America ("Government").

**INTRODUCTION**

The Government brought this denaturalization action on October 17, 2023, against Defendant to revoke his naturalized United States citizenship under 8 U.S.C. § 1451(a). *See* Compl. (Dkt. No. 1). This action is based on Defendant's criminal sexual activity on or about February 22, 2004 (Compl. at ¶ 26), which occurred <u>before</u> he became a naturalized citizen of the United States on or about January 24, 2015 (Compl. at ¶ 25)—and also occurred <u>prior</u> to the statutory period during which Defendant was required to establish good moral character under 8 U.S.C. § 1427(a)(3), to wit:  from May 30, 2009, through January 24, 2015 (Compl. at ¶ 51)— and for which he was not convicted until December 11, 2017 (Compl. at ¶ 33), nearly three (3)

years <u>after</u> he naturalized as a United States citizen.  The Government seeks to revoke and set aside the order admitting Defendant to United States citizenship and to cancel his certificate of naturalization based upon, *inter alia*, a theory that he illegally procured his naturalization because, prior to his naturalization, he committed unlawful acts that adversely reflected on his moral character under 8 C.F.R. § 316.10(b)(3)(iii), and was thus statutorily disqualified from naturalizing.  *See* Compl. at ¶¶ 50-63.  Relatedly, the Government also claims that Defendant failed to meet the statutory good moral character requirement because he concealed and willfully misrepresented material facts during his naturalization proceedings regarding his criminal sexual activity.  *Id.* at ¶¶ 72-78.

The Government now moves for judgment on the pleadings on Counts I and III of its Complaint pursuant to FED. R. CIV. P. 12(c).  *See* Memorandum of Law in Support of Motion (Dkt. No. 14-1) ("Memo") at pp. 1-2, 7-14.  In support of its Rule 12(c) Motion as to Count I, the Government avers that Defendant's unlawful actions during the statutory good moral character period constitute the essential elements of the crimes of: (a) perjury, in violation of 18 U.S.C. § 1621(1); (b) false swearing in an immigration matter, in violation of 18 U.S.C. § 1546(a); and (c) making false material statements, in violation of 18 U.S.C. § 1001(a).  *See* Memo at pp. 2.  The Government claims that because these alleged criminal offenses all adversely reflected on Defendant's moral character—and there are no plausible extenuating circumstances that lessen his guilt for the unlawful activity at issue—Defendant was ineligible to naturalize and his procurement of naturalization was therefore illegal.  *Id.* (*citing* 8 U.S.C. § 1101(f); 8 C.F.R. § 316.10(b)(3)(iii)).

The Government has not met its burden for judgment on the pleadings under FED. R. CIV. P. 12(c).  The pleadings do not clearly, unequivocally, and convincingly establish the

absence of genuine issues of material facts and extenuating circumstances or that the Government is clearly entitled to judgment as a matter of law that Defendant was ineligible to naturalize due to unlawful acts adversely reflecting on his moral character. *See* Compl. at Count I, ¶¶ 50-63. Likewise, the Government has not shown that it is clearly entitled to judgment as a matter of law that Defendant procured his United States citizenship by concealment of a material fact or by willful misrepresentation. *Id.* at Count III, ¶¶ 72-78.

Defendant denies (or lacks sufficient knowledge, information, or recollection regarding), *inter alia*, the following facts material to the Court's resolution of both Counts I and III:

(1) whether the USCIS officer placed him under oath at the beginning of his naturalization interview (Answer to Compl. (Dkt. No. 11) ("Answer") ¶ 18);

(2) whether the USCIS officer asked him questions from his written naturalization application (Answer ¶ 19);

(3) whether during his naturalization interview he orally testified under oath that he had never committed a crime or offense for which he was not arrested (Answer ¶ 20);

(4) whether during his naturalization interview he orally testified under oath that he had never given false or misleading information to any United States Government official while applying for any immigration benefit (Answer ¶ 21);

(5) whether during his naturalization interview he testified under oath that his response to Part 10, Questions 15 and 23 were true (Answer ¶¶ 34-37);

(6) whether he could establish the requisite good moral character for naturalization because he committed certain unlawful acts during the statutory period, that reflected adversely on his moral character and whether there are extenuating circumstances (Answer ¶ 52);

(7) whether he knowingly provided false statements in a matter within the jurisdiction of the executive branch in violation of 18 U.S.C. § 1001(a) (Answer ¶ 54);

(8) whether he knowingly provided false statements that establish he falsely swore in an immigration matter in violation of 18 U.S.C. § 1546(a) (Answer ¶ 56);

(9) whether he willfully provided false statements that establish he perjured himself in violation of 18 U.S.C. § 1621 (Answer ¶ 58);

(10) whether there are extenuating circumstances with regard to his averred unlawful activity (Answer ¶¶ 60-63); and

(11) whether he knowingly concealed and/or willfully misrepresented material facts in connection with his naturalization process (Answer ¶¶ 74-78).

Because this Court must accept all allegations in Defendant's pleading as true—and the allegations in dispute detailed immediately above are required to be proven in order for the Government to prevail—its Rule 12(c) Motion is due to be denied.  This matter is capable of resolution only upon the Parties receiving the benefit of full civil discovery regarding the allegations in dispute and not at this preliminary stage.

**LEGAL STANDARDS**

**I.      RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS.**

A party may move for judgment on the pleadings after the pleadings are closed, so long as the motion is made early enough so as not to delay trial.  *See* Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6)."  *Hall v. Sheppard Pratt Health Sys.*, No. ABA-22-3261, 2024 U.S. Dist. LEXIS 57329, at *6-7 (D. Md. Mar. 29, 2024) (*quoting Green v. Sw. Credit Sys., L.P.*, 220 F. Supp. 3d 623, 624 (D. Md. 2016)); *see also Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009)).  But "[i]n cases where a plaintiff has moved for judgment on the pleadings, courts have held that '[a] Rule 12(c) Motion requires that all pleadings—not just the Complaint—be considered.'"  *Trice v. Oliveri & Assocs., LLC*, No. 19-cv-3272-GLR, 2022 U.S. Dist. LEXIS 1027, 2022 WL 36451, at *8 (D. Md. Jan. 4, 2022) (*quoting Volvo Fin. Servs. v. JRD Contracting, Inc.*, No. 17-cv-0089-WS-B, 2017 U.S. Dist. LEXIS 105053, 2017 WL 8941065, at *3 (S.D. Ala. July 7, 2017)); *see also Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 U.S. Dist. LEXIS 45806, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).

The Court must assume "all well-pled facts" as set forth in the Government's complaint, and Defendant's answer, are true, and draw all reasonable inferences in favor of the non-moving party.  *See Trice*, 2022 U.S. Dist. LEXIS 1027, at *5 (*quoting Language Doctors, Inc. v. MCM 8201 Corporate, LLC*, No. 20-cv-1755-PWG, 2021 U.S. Dist. LEXIS 34541, 2021 WL 718940, at *3 (D. Md. Feb. 24, 2021)).  As such, "a plaintiff is entitled to judgment on the pleadings only where the <u>undenied</u> facts set forth in the complaint (considered alongside material allegations of

fact in the answer) establish the defendant's liability." *Trice*, 2022 U.S. Dist. LEXIS 1027, at *8 (emphasis added).

Because the allegations in both parties' pleadings must be accepted as true when deciding a Rule 12(c) motion, where a defendant has denied allegations that would be required to be proven for a plaintiff to prevail, or has asserted affirmative defenses that, if proven, would defeat a plaintiff's claims, a plaintiff's motion for judgment on the pleadings must be denied. *See, e.g.*, *Davis v. Reliance Test & Tech., LLC*, No. 22-cv-1760-DKC, 2024 U.S. Dist. LEXIS 3301, 2024 WL 83347, at *3 (D. Md. Jan. 8, 2024) (denying plaintiff's motion for judgment based on defendant's denial of material facts establishing liability and assertion of an affirmative defense). When a Rule 12(c) motion is filed by a Plaintiff, the Defendant receives the benefits due the non-moving party, and the Court must "assume all well-pled facts to be true and draw all reasonable inferences in favor of" the Defendant. *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 702 (4th Cir. 2016) (*citing Cooksey v. Futrell*, 721 F. 3d 226, 234 (4th Cir. 2013)).

## II.   REVOCATION OF NATURALIZATION.

An individual who wishes to acquire United States citizenship through naturalization must meet a long list of criteria. *See* 8 U.S.C. § 1421, *et seq*. To qualify for naturalization, an individual must wait at least five (5) years after establishing permanent residency, pass a citizenship test, truthfully answer questions posed by U.S. Citizenship & Immigration Services ("USCIS"), be a person of good moral character, and swear allegiance to the Constitution. *See* 8 U.S.C. § 1427.

An individual who has obtained United States citizenship through naturalization and not birth can still lose his or her citizenship through denaturalization or revocation of naturalization under the Immigration and Nationality Act ("INA" or the "Act"). *See* 8 U.S.C. § 1451. The

Government can institute proceedings in federal district court for the purposes of revoking and setting aside the order of citizenship and canceling the certificate of naturalization. *See* 8 U.S.C. § 1451(a). The INA provides that a federal district court can revoke an individual's naturalization if it was either: (a) illegally procured; or (b) procured by concealment of a material fact or willful misrepresentation. *Id.* These alternate grounds for denaturalization significantly overlap.

Although not absolute, the right of citizenship conferred by naturalization is a precious one. *Costello v. United States*, 365 U.S. 265, 269 (1961); *see also Schneiderman v. United States*, 320 U.S. 118, 122 (1943) (explaining that "[i]t would be difficult to exaggerate" the value and importance of the right of citizenship). The Supreme Court has repeatedly recognized that "severe consequences may attend" the loss of citizenship and that those consequences are especially dire for those who have lived and worked in the United States as citizens for many years. *See Costello*, 365 U.S. at 269; *Fedorenko v. United States*, 449 U.S. 490, 505 (1981); *Chaunt v. United States*, 364 U.S. 350, 353 (1960); *Schneiderman*, 320 U.S. at 122; *see also Knauer v. United States*, 328 U.S. 654, 659 (1946) ("[D]enaturalization, like deportation, may result in the loss of all that makes life worth living.") (internal quotation marks and citation omitted).

In light of the importance of the right of citizenship—and the potentially devastating toll that loss of that citizenship is likely to take on a naturalized citizen and his or her family—the Supreme Court has held that "such a right once conferred should not be taken away without the clearest sort of justification and proof." *Schneiderman*, 320 U.S. at 122. As such, the government carries a heavy burden of proof when attempting to divest a naturalized citizen of citizenship after it has been granted: denaturalization is warranted only if the evidence is "clear,

unequivocal, and convincing," such that it does not "leave the issue in doubt." *Costello*, 365 U.S. at 269 (internal quotation marks and citations omitted).

\* \* \*

In this action, the Government alleges that Defendant procured his citizenship illegally because he was not statutorily eligible for citizenship during the application process. Citizenship is illegally procured if "the congressionally imposed prerequisites to the acquisition of citizenship," including the good moral character requirement, are not met when naturalization is conferred. *See Kungys v. United States*, 485 U.S. 759, 759 (1988); *Fedorenko*, 449 U.S. at 506. Under the INA, naturalization applicant must show that he or she was a person of good moral character for the five (5) year statutory period before filing a naturalization application, and until the time he or she became a naturalized United States citizen. *See* 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1). In this action, it is undisputed that the relevant statutory period during which Defendant was required to demonstrate good moral character ran from May 30, 2009, five (5) years before he filed his naturalization application, through January 24, 2015, the date on which he naturalized. *See* Compl. ¶ 51; Answer ¶ 51.

The INA does not define "good moral character," but the regulations provide that claims of good moral character should be evaluated on a case-by-case basis. *See* 8 C.F.R. § 316.10(a)(2). There are a number of ways an applicant can be precluded from establishing good moral character. *See* 8 U.S.C. §§ 1101(f)(1)-(9). For example, an individual lacks good moral character if he or she has been convicted of committing acts constituting an aggravated felony or a crime involving moral turpitude. *See* 8 U.S.C. § 1101(f); 8 C.F.R; § 316.10(b)(2). Additionally, the Government can revoke an individual's citizenship if he or she "[has]

committed unlawful acts that adversely reflect upon the applicant's moral character" unless the applicant can establish extenuating circumstances.   *See* 8 C.F.R. § 316.10(b)(3)(iii).

Because this is a Rule 12(c) Motion, the Court must "assume all well-pled facts to be true and draw all reasonable inferences in favor of" the non-moving party, which in this case, is the Defendant.  *Belmora*, 819 F.3d at 702.  Accepting as true the undisputed fact that Defendant's criminal conduct occurred on only one occasion on or about February 22, 2004, *see* Compl. ¶ 26; Answer ¶ 26—prior to the commencement of his statutory good moral character period—the Court need not consider whether his offense was a crime of moral turpitude or an unlawful act that adversely reflects upon his moral character for the purpose of denaturalization.  Regardless of the nature of Defendant's sexual offense, it is undisputed to have occurred outside of his statutory good moral character period.

As a result, for the purpose of the Government's Rule 12(c) Motion, the Court need only examine whether the pleadings have established by clear, unequivocal, and convincing evidence that:  (a) Defendant committed crimes of (i) perjury, in violation of 18 U.S.C. § 1621(1), (ii) false swearing in an immigration matter, in violation of 18 U.S.C. § 1546(a), and (iii) making false statements, in violation of 18 U.S.C. § 1001(a); and (b) whether there are no extenuating circumstances that would mitigate the severity of Defendant's averred unlawful acts that would otherwise adversely reflect on his moral character.  Because Count III of Plaintiff's Complaint relies on the premise that Defendant knowingly concealed and willfully misrepresented the same underlying facts, the Court's resolution of Plaintiff's Rule 12(c) Motion as to Count I should necessarily determine its resolution of the Government's Rule 12(c) Motion as to Count III.

**ARGUMENT**

I. **THE COURT SHOULD DENY JUDGMENT ON THE PLEADINGS AS TO COUNT I: ILLEGAL PROCUREMENT DUE TO UNLAWFUL ACTIVITIES ADVERSELY REFLECTING ON DEFENDANT'S MORAL CHARACTER**.

The Government alleges that Defendant was statutorily disqualified from naturalization because he committed unlawful activities that adversely reflected on his moral character under 8 C.F.R. § 316.10(b)(3)(iii) on three independent grounds: (i) perjury, in violation of 18 U.S.C. § 1621(1), (ii) false swearing in an immigration matter, in violation of 18 U.S.C. § 1546(a), and (iii) making false statements, in violation of 18 U.S.C. § 1001(a).  However, one (or more) essential elements of each of these offenses remain in dispute per the pleadings of record.

A. **The Pleadings Do Not Demonstrate That Defendant Committed Perjury, in Violation of 18 U.S.C. § 1621(1).**

In order to establish that Defendant committed the crime of perjury during his naturalization process, in violation of 18 U.S.C. § 1621(1), the Government must allege and prove that "having taken an oath before a competent tribunal [or] officer . . . that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, [he] willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true."  *See* 18 U.S.C. § 1621(1).  Distilled to its elements, the Government must show that Defendant "1) willfully 2) made a false statement 3) under oath 4) before a tribunal or officer 5) about a material matter."  *See United States v. Jabateh*, 974 F.3d 281, 300 (3d Cir. 2020) (emphasis added); *see also United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

The element of "willfulness" is satisfied if the misrepresentation was "made deliberately and voluntarily."  *United States v. Salem*, No. 19-CV-2729, 496 F. Supp. 3d 1167, 2020 U.S. Dist. LEXIS 198007, 2020 WL 6273478, at *11 (N.D. Ill. Oct. 26, 2020) (*citing Asentic v.*

*Sessions*, 873 F.3d 974, 981 (7th Cir. 2017)); *Toribio-Chavez v. Holder*, 611 F.3d 57, 63 (1st Cir. 2010) (*quoting Mwongera v. I.N.S.*, 187 F.3d 323, 330 (3d Cir. 1999) and *Parlak v. Holder*, 578 F.3d 457, 463-64 (6th Cir. 2009)). "An intent to deceive is not necessary; rather, knowledge of the falsity is sufficient." *Toribio-Chavez*, 611 F.3d at 63 (*citing Forbes v. I.N.S.*, 48 F.3d 439, 442 (9th Cir. 1995)); *see Wen Zhong Li v. Lynch*, 837 F.3d 127, 131 (1st Cir. 2016).

Among the five (5) aforementioned elements required for a finding of perjury, the Parties to this action disagree as to whether Defendant's false statements were made willfully and under oath. *See* Answer ¶¶ 18-21; 34-37; 52, 54, 56, 58; 60-63; 74-78.

In his naturalization application dated May 30, 2014, Defendant checked the boxes marked "No" in response to questions that asked the following: "Have you ever committed a crime or offense for which you were not arrested?" and "[h]ave you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?" *See* Compl. at Exhibit C (Dkt. No. 1-3), p. 8. The Government contends that because Defendant knew that he had committed criminal sexual activity for which he had not yet been arrested and concealed this material matter in his naturalization application, which he signed under penalty of perjury, his answer was willfully misleading. *See* Memo at p. 9-10. Defendant specifically denies knowledge of the criminality of his conduct at the time he signed his naturalization application on or about May 30, 2014. *See* Answer ¶¶ 34-37. Because, at this procedural juncture, the Court is required to view all inferences in the light most favorable to the non-movant in connection with the Government's Rule 12(c) Motion, it cannot say that the Government has proffered clear, unequivocal, and convincing evidence demonstrating that Defendant was aware of the falsity of his statement or deliberately made the false statement at the time he filed his naturalization application or even at

any point throughout his naturalization process. This is because Defendant has pleaded or admitted only that his criminal misconduct occurred only in single instance and has denied any knowledge of its criminality at the time he submitted his naturalization application on or about May 30, 2014 and throughout his naturalization process, which all occurred well-prior to his arrest and later conviction.

Additionally, while the Government has provided an "Affidavit of Good Cause" by ICE Special Agent Mary E. Horn (Compl. at Exhibit A (Dkt. No. 1-1)), it has not provided any affidavit or testimony from any officer who actually interviewed Defendant.  And Defendant denies (or lacks sufficient knowledge, information, or recollection regarding) whether he was placed under oath, what he was asked, or how he testified to questions relevant to Counts I and III of the Complaint.  *See* Answer ¶¶ 18-21; 34-37; 52, 54, 56, 58; 60-63; 74-78.   Accordingly, pursuant to the constrained legal standard applied for resolution of Rule 12(c) Motions, the Court must at this juncture conclude that the Government has failed to establish by clear, unequivocal, and convincing evidence that there is no genuine dispute of material fact regarding whether Defendant was placed under oath and whether he was asked questions and testified as to information regarding any prior criminal activity.

The Government asserts that Defendant was placed under oath, and that when asked about Question 15 of Part 10 of his naturalization application, Defendant testified that he had never committed a crime or offense for which he had not been arrested.  *See* Compl. 17-24. The Government also alleges that when asked about Question 23 of Part 10 of his naturalization application, Defendant testified that he had never given false or misleading information to any United States Government official while applying for any immigration benefit.  *Id.* at ¶ 21. However, Defendant again denies (or lacks sufficient knowledge, information, or recollection

regarding) whether he was placed under oath, what he was asked, or how he testified in relation to Question 15 or 23 of Part 10 of his naturalization application. *See* Answer ¶¶ 17-24. While admitting that he signed his application under penalty of perjury at the conclusion of his naturalization interview on or about January 24, 2015, Defendant does not concede any knowledge, willfulness, or related implications pertinent to the Government's claims.

Bottom line, the Government has not yet marshaled sufficient evidence that clearly, unequivocally, and convincingly establishes the willful state of mind necessary for a finding of perjury during the statutory period of good moral character at issue in this action. Nor has the Government met its heavy burden to prove clearly, unequivocally, and convincingly that Defendant willfully made false statements when placed under oath in accordance with the constrained legal analysis applied to Rule 12(c) Motions. Accordingly, the Government's Rule 12(c) Motion is due to be denied.

**B.**     **<u>The Pleadings Do Not Demonstrate That Defendant Falsely Swore In An Immigration Matter, In Violation Of 18 U.S.C. § 1546(a).</u>**

To prove a charge of immigration fraud, in violation of 18 U.S.C. § 1546(a), the Government must establish each of the following elements: "(1) that defendants made a false statement in an immigration document, (2) that the false statement was made knowingly, (3) that the false statement was material to INS activities or decisions, (4) that the false statement was made under oath, and (5) that the false statement was made in an application required by the immigration laws or regulations of the United States." *United States v. O'Connor*, 158 F. Supp. 2d 697, 720 (E.D. Va. 2001); 18 U.S.C. § 1546(a); *United States v. Chu*, 5 F.3d 1244, 1247 (9th Cir. 1993) (emphasis added). To establish that Defendant made a false statement "knowingly" in an immigration matter, the Government must show that "the defendant is aware of the act and did not act through ignorance, mistake or accident." *United States v. Samuels*, 874 F.3d 1032,

1035 (8th Cir. 2017) (*citing United States v. Dockter*, 58 F.3d 1284, 1288 (8th Cir. 1995)). The "knowingly" standard, which requires a defendant to act with the awareness of making a false statement, thus, is essentially treated the same as the "willfully" standard for which a "knowledge of the falsity" would suffice. *Toribio-Chavez*, 611 F.3d at 63.

The analysis above at I.A. in connection with the Government's claim Defendant committed the unlawful act of perjury charge in violation of 18 U.S.C. § 1621(1), is equally appliable to its claim that Defendant violated 18 U.S.C. § 1546(a). Defendant denies (or lacks sufficient knowledge, information, or recollection regarding), *inter alia*, facts material to the Court's necessary finding based upon competent evidence that Defendant's conduct constitutes and meets all elements of false swearing in an immigration matter. Defendant's denial of essential facts the Government must show—by clear, unequivocal, and convincing evidence—in order to prevail at this point in the case, to wit: that the statements at issue were made knowingly and under oath—necessarily precludes judgment on the pleadings under FED. R. CIV. P. 12(c).

**C.      The Pleadings Do Not Demonstrate That Defendant Made False Statements, In Violation Of 18 U.S.C. § 1001(a).**

To establish that Defendant made false statements, in violation of 18 U.S.C. § 1001(a), the Government must prove that he "knowingly and willfully—(1) falsifie[d], conceal[ed], or cover[ed] up by any trick, scheme, or device a material fact; (2) ma[de] any materially false, fictitious, or fraudulent statement or representation; or (3) ma[de] or use[d] any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry . . . " *See* 18 U.S.C. § 1001(a).

The analysis above at I.A. and I.B in connection the Government's alleged perjury and immigration fraud charges is equally applicable to its claim that Defendant made false statements in violation of 18 U.S.C. § 1001(a). This averred unlawful act similarly requires proof of a *mens*

*rea* element—knowingly and willfully—which, on the disputed record before this Court and upon drawing all inferences in Defendant's favor, compels a conclusion the Government has failed to clearly, unequivocally, and convincingly establish facts necessary to entitle it to judgment on Count I.  Because the pleadings do not clearly, unequivocally, and convincingly establish the absence of genuine issues of material facts, the Government has not proven that it is clearly entitled to judgment as a matter of law that Defendant would have been ineligible for naturalization due to unlawful acts adversely reflecting on his moral character.

### D.      The Government Has Not Clearly, Unequivocally, And Convincingly Established The Lack of Any Extenuating Circumstances.

An individual who commits "unlawful acts that adversely reflect upon [his or her] moral character" during the statutory period shall be found to lack good moral character unless he or she establishes "extenuating circumstances." *See* 8 C.F.R. § 316.10(b)(3)(iii).  The Government argues that there are no extenuating circumstances that would mitigate the severity of Defendant's unlawful acts that would otherwise adversely reflect on his moral character.  *See* Memo at p. 11.  Defendant agrees with the Government that it would ultimately be his burden to establish such extenuating circumstances and not the government's obligation to rebut them.  *See United States v. Okeke*, 671 F. Supp. 2d 744, 751 (D. Md. 2009) (finding no such extenuating circumstances existed in a Summary Judgment when Defendant did not attempt to raise or explain any extenuating circumstances during his naturalization process).  However, in the context of a Rule 12(c) Motion, the burden nonetheless falls on the Government as movant to show that the pleadings establish by clear, unequivocal, and convincing evidence that there are no extenuating circumstances that would mitigate the severity of Defendant's unlawful acts.  *See United States v. Valenzuela*, No. 17C8423, 2018 U.S. Dist. LEXIS 126384, 2018 WL 3619503 (N.D. Ill. Jul. 29, 2018) (holding that the government was not entitled to judgment on the

pleadings because the pleadings do not clearly, unequivocally, and convincingly establish the absence of extenuating circumstances).  Here, Defendant specifically denies the lack of any extenuating circumstances.  *See* Answer ¶¶52, 60-61.  Defendant's answers to Questions 15 and/or 23 of Part 10 of his naturalization application were hypothetically due to, *inter alia*, his then-belief that he had not committed a crime or that he misunderstood the question entirely.  Whether these facts will bear out vis-à-vis the evidence of record presented at a later phase of these proceedings, at this procedural juncture, Defendant had pled and preserved his denial of the Government's allegation that there were no extenuating circumstances.  That demurrer alone is sufficient to demonstrate the Government has not submitted clear, unequivocal, and convincing evidence to prove the absence of any extenuating circumstances.

  **E.**  **<u>The Castillo Case is On Point.</u>**

In *United States v. Castillo*, No. 8:19-cv-3459-PWG, 2021 U.S. Dist. LEXIS 40162 (D. Md. Mar. 4, 2021), this Court analyzed an eerily similar fact pattern in connection with a Rule 12(c) Motion by the Government in denaturalization proceedings.  In *Castillo*, the Court denied the Government's Rule 12(c) Motion for virtually the same reasons averred by Defendant herein, e.g., denials of essential *mens rea* elements of the unlawful acts alleged by the Government preclude any finding the pleadings clearly, unequivocally, and convincingly establish the absence of genuine issues of material facts or that the Government is clearly entitled to judgment as a matter of law.  *Castillo*, 2021 U.S. Dist. LEXIS 40162, at * 14-24.  This is because, where a defendant has denied allegations that would be required to be proven for a plaintiff to prevail, or has asserted affirmative defenses that, if proven, would defeat a plaintiff's claims, a plaintiff's motion for judgment on the pleadings must be denied.  *See Davis*, 2024 U.S. Dist. LEXIS 3301, at *4; *see also Educ. Impact v. Travelers Prop. Cas. Co. of Am.*, No. 15-cv-04510-EMC, 2016

U.S. Dist. LEXIS 55653, at *1, 2016 WL 1639548 (N.D. Cal. Apr. 26, 2016) ("If there are disputed facts, then the allegations of the nonmoving party are taken as true."). The same result as in *Castillo* should flow here.  The Government's Rule 12(c) motion is due to be denied.

## II.   THE COURT SHOULD DENY JUDGMENT ON THE PLEADINGS AS TO COUNT III: PROCUREMENT OF UNITED STATES CITIZESHIP BY CONCEALMENT OF A MATERIAL FACT OR BY WILLFUL MISREPRESENTATION.

The Government also moves for judgment on the pleadings as to Count III.  However, it bootstraps its material allegations in support of Count III to those pled in support of Count I, discussed in detail *supra* at I.A. to I.D.  See, e.g. Compl. at ¶ 74 ("As outlined above in paragraphs 34 through 37 . . . Defendant concealed and willfully mispresented . . . his commission of the crimes of sexual abuse and burglary . . . and [his] provision of false information to a U.S. government official while applying for the immigration benefit of naturalization.").  The Government's Rule 12(c) Motion as to Count III therefore necessarily succeeds or fails per the Court's resolution of Count I.  Because the Government is not entitled to judgment on the pleadings as to Count I it is also not entitled to judgment as to Count III.

Moreover, the Parties dispute whether "Defendant knew his representations were false and misleading" and therefore "made such misrepresentations willfully."  See Compl. ¶ 75; Answer ¶ 75 (denying allegations).  As such, the pleadings do not clearly, unequivocally, and convincingly establish the absence of genuine issues of material facts as to whether Defendant knowingly and willfully made false and misleading misrepresentations.  In other words, the pleadings alone do not demonstrate that Defendant knowingly and willfully made false and misleading misrepresentations.  Accordingly, the Government is not clearly entitled to judgment as a matter of law that Defendant procured naturalization by concealment of material facts.

**CONCLUSION**

The Government has not met its burden for judgment on the pleadings. As detailed above, the pleadings do not clearly, unequivocally, and convincingly establish the absence of genuine issues of material facts and extenuating circumstances or that the Government is clearly entitled to judgment as a matter of law. Indeed, Defendant denies a myriad of facts material to the Court's resolution of both Counts I and III. Because this Court must accept all allegations in Defendant's pleading as true—and the allegations in dispute are required to be proven in order for the Government to prevail—its Rule 12(c) Motion must be denied. This matter is capable of resolution only upon the Parties receiving the benefit of full civil discovery regarding the allegations in dispute. Accordingly, Defendant respectfully requests that this Court enter an Order denying the Government's Motion for Judgment on the Pleadings and granting any other relief this Court deems just and proper.

Dated:  April 23, 2024

Respectfully submitted,

*/s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
DEMPSEY LAW, PLLC
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
Tele: (904) 760-6272
Fax:  (904) 587-0372
Email:  chris@cdempseylaw.com
Web:  www.cdempseylaw.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 23, 2024, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Christopher W. Dempsey*
CHRISTOPHER W. DEMPSEY
*Counsel for Defendant*
