# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | Case No. 8:23-cv-02801-DLB |
| vs. | * | |
| BENJAMIN FILIBERTO PAZ, | * | |
| Defendant. | * | |

*******

## [PROPOSED] STIPULATED ORDER REGARDING CLAWBACK, PRIVILEGE, AND NON-WAIVER UNDER FEDERAL RULE OF EVIDENCE 502

With agreement of the parties, and pursuant to Federal Rule of Evidence 502(d) and (e), and the Court's inherent authority, IT IS HEREBY ORDERED as follows:

This Order applies to attorney-client privilege and work-product protection as defined by Fed. R. Evid. 502(g), governmental privileges, and any other applicable privilege, and it does not require a formal assertion of such privilege before subjecting an item to the Order. Nothing in this Order shall constitute an admission that any document disclosed here is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production, or from challenging such withholding, any document covered by any applicable privilege or other protection.

The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding in which such production occurs, unless there is an intentional waiver of the privilege or protection to support an affirmative use of the document in support of the party's

claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).

The parties intend that this stipulated Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures of privileged or protected information not made to support an affirmative use of a document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken reasonable steps to prevent disclosure, regardless of any argument or circumstances suggesting otherwise. Such disclosure in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I. DEFINITIONS

1. "Counsel of Record" includes all attorneys who have appeared as counsel of record on behalf of a party to this action.

2. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

3. "Documents Produced" includes all Documents made available for review or produced in any manner during this litigation.

4. "Litigation" is the matter captioned *United States v. Paz*, No. 8:23-cv-2801-DLB, filed in the United States District Court for the District of Maryland.

5. "Non-Party" includes any natural person, partnership, corporation, association, agency, or other legal entity not named as a Party to this action.

6. "Party" includes any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

7. "Producing Party" includes a Party or Non-Party that produces Disclosure or Discovery Material in this action.

8. "Receiving Party" includes a Party that receives Disclosure or Discovery Material from a Producing Party.

**II.　PROCEDURES**

The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

1. If a Receiving Party discovers a Document, or part thereof, produced by a Producing Party is privileged or otherwise protected, even by an informal assertion or application of a privilege, the Receiving Party shall promptly notify the Producing Party and must then return the Document or destroy it and certify to the Producing Party that it has been destroyed. The Receiving Party must also promptly identify, sequester, and destroy any notes taken about the Document. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

2. If a Producing Party determines that a Document produced, or part thereof, is subject to a privilege or privileges, even before the formal assertion of such privilege, the Producing Party shall give the Receiving Party notice of the claim of privilege ("Privilege Notice").

3. The Privilege Notice must contain information sufficient to identify the Document, including, if applicable, a Bates number as well as identification of the privilege

asserted and its basis.  However, nothing in this paragraph shall be construed to require disclosure of privileged information in the Privilege Notice to assert privilege.

4. Upon receiving the Privilege Notice, the Receiving Party must promptly return the specified Document(s) and any copies or destroy the Document(s) and copies and certify to the Producing Party that the Document(s) and copies have been destroyed.  The Receiving Party must sequester and destroy any notes taken about the Document.  If a Receiving Party disclosed the Document or information specified in the notice before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

5. Upon receiving the Privilege Notice, if a Receiving Party wishes to dispute a Producing Party's Privilege Notice, the Receiving Party shall promptly meet and confer with the Producing Party.  If the Parties are unable to resolve informally any dispute about the privilege assertions made in the Privilege Notice, the Receiving Party may seek a judicial determination of the privilege claim.  However, nothing in this paragraph relieves the Receiving Party from the obligations imposed by the previous paragraph.

6. Pending resolution of the judicial determination, the Producing Party shall preserve the challenged information and both Parties shall refrain from using the challenged information for any purpose not permitted by this Order and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.  The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged.  Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

7. If a Document must be returned or destroyed as determined by the process above, that Document, along with copies and notes about the Document, that exist on back-up tapes, information technology ("IT") systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

SO ORDERED this \_\_\_\_ day of _____ , 2025.

BY THE COURT:

_____
DEBORAH L. BOARDMAN
United States District Judge