**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | Case No. 8:23-cv-02801-DLB |
| vs. | * | |
| BENJAMIN FILIBERTO PAZ, | * | |
| Defendant. | * | |

*******

**PLAINTIFF'S MEMORANDUM OF LAW**
**SUPPORTING ITS MOTION TO MODIFY THE SCHEDULING ORDER**
**<u>TO EXTEND THE DISCOVERY PERIOD AND DISPOSITIVE MOTIONS DEADLINE</u>**

The United States of America ("Plaintiff") submits this memorandum in support of its motion to modify the Court's scheduling orders issued on December 23, 2025, and on April 27, 2026. The orders provide a March 16, 2026 deadline for Benjamin Filiberto Paz ("Defendant") to respond to Plaintiff's First Set of Interrogatories; a discovery close deadline of May 28, 2026; and a dispositive motions deadline of July 14, 2026. In its April 27, 2026 order, the Court instructed that "[t]he government may request an extension of the deadlines if it wishes." ECF No. 53 at 2. Plaintiff now exercises that option and requests to modify the scheduling order such that discovery will close four months after the Court's determination on Plaintiff's pending motion for discovery sanctions filed on April 17, 2026, with a dispositive motions deadline of six weeks thereafter.

Good cause, as Federal Rule of Civil Procedure 16(b)(4) requires, supports this requested modification and the timeframe that Plaintiff proposes. As a threshold consideration, keying Plaintiff's proposed timeframe to account for the Court's forthcoming determination on Plaintiff's pending sanctions motion promotes judicial economy on at least two bases. First, the

Court's sanctions determination will inform the scope of discovery in this matter, particularly the range of topics Plaintiff may need to cover in planning the deposition of Defendant. Additionally, and regardless of the exact relief this Court orders in its determination on Plaintiff's sanctions motion, the Court's opinion undoubtedly will help guide Defendant, who continues to proceed pro se, in the direction of compliance with, rather than disobedience towards, the Court's future orders and determinations. *See* Fed. R. Civ. P. 37(b)(2)(A) (i) and (ii) (discussing sanctions for violation of a court order in terms of "fail[ure] to obey" and "the disobedient party").

Additionally, and as this Court has noted, Plaintiff has been diligent in its efforts to move discovery forward here, *see* Letter Order, ECF No. 53 at 1, with the longstanding stated goal of obtaining Defendant's interrogatory responses prior to his deposition so that Plaintiff can account for those responses in planning Defendant's deposition, *see* ECF 51 at 2-3; *see also* ECF Nos. 33 at 1, 48 at 1. *See Hawkins v. Barakat*, No. DLB-20-1386, 2021 WL 1294111, at *3 (D. Md. April 7, 2021) (internal citation omitted) (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012)) ("'Good cause' exists if 'scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'").

Finally, on the issue of prejudice, Plaintiff's requested modification of the scheduling order would not prejudice Defendant and would not delay this litigation any more egregiously than it already has been delayed. Whereas the cause of delayed discovery thus far has been Defendant's failure to respond to Plaintiff's First Set of Interrogatories, with Plaintiff repeatedly reiterating the need to obtain Defendant's responses to inform Plaintiff's deposition of

Defendant, Defendant has not articulated any discovery he seeks or any scheduling matter that would be impacted by the scheduling modification Plaintiff seeks.

* * *

Accordingly, Plaintiff requests this Court to modify the scheduling order such that discovery will close four months after the Court's determination on Plaintiff's pending motion for discovery sanctions filed on April 17, 2026, with a dispositive motions deadline of six weeks thereafter.

Dated: May 19, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division
U.S. Department of Justice

JENNIFER J. KEENEY
Associate Director
Office of Immigration Litigation

JOHN J. W. INKELES
Chief
Denaturalization Unit

J. MAX WEINTRAUB
Senior Litigation Counsel

By: */s/ Christopher W. Hollis*
CHRISTOPHER W. HOLLIS
Trial Attorney, IL6283101
Denaturalization Unit
Office of Immigration Litigation
Civil Division
United States Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 305-0899
christopher.hollis@usdoj.gov

*Attorneys for Plaintiff*